**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| CHAMBERS OF<br>**JOSE L. LINARES**<br>JUDGE | MARTIN LUTHER KING JR.<br>FEDERAL BUILDING & U.S. COURTHOUSE<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

**LETTER OPINION**

February 11, 2008

**VIA ELECTRONIC FILING**

Pedro Hernandez
No. 26828-050
Post Office Drawer 30
McRae, GA 31055

Dustin Chao, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07101

> Re:   **Pedro Hernandez v. United States**
>       **Criminal Action No. 07-752 (JLL)**

Dear Parties:

  Petitioner Pedro Hernandez, a federal prisoner filing pro se, commenced this action on February 8, 2007, by submitting a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner's filing essentially asserts ineffective assistance of counsel based upon his attorney's failure to file an appeal. Petitioner simultaneously asked the Court to appoint counsel pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. 3006A, to assist in this matter on grounds that Petitioner lacks the ability and resources to present an effective case. The Court had originally denied Petitioner's application for pro bono counsel without prejudice based on Petitioner's failure to establish himself as indigent. See CM/ECF Docket Entry No. 12. In response to the Court's June 26, 2007 Order, Petitioner submitted an affidavit of indigence. See CM/ECF Docket Entry No. 13. The Court now considers Petitioner's application for pro bono counsel.

  As previously indicated in this Court's June 26, 2007 Order, Petitioner possesses neither

1

a constitutional nor a statutory right to appointed counsel in this federal habeas corpus proceeding. See Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992) ("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings"). The Court does, however, have the authority to appoint counsel in its discretion pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3006A(2)(B).

18 U.S.C. § 3006A(2)(B) provides that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1] The Third Circuit has explained that in exercising its discretion under section 3006A,

> the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991), cert. denied, 503 U.S. 988, 118 L. Ed. 2d 396, 112 S. Ct. 1679 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d) (citations omitted). This is essentially the same standard that is applied under 28 U.S.C. § 1915(e).[2] See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).

Although Petitioner has established himself as indigent, or "financially eligible," it is apparent from Petitioner's filings that he is able to clearly articulate his legal claims, as well as the facts supporting such claims. For instance, without the assistance of counsel, Petitioner has submitted a motion to vacate, which exhibits a good understanding of the relevant issues, as well as a reply brief which directly addresses the issues raised by the government in opposition to Petitioner's motion, in an organized and logical fashion. Petitioner has likewise submitted an affidavit of indigence with clearly responds to the Court's request. Thus, the Court finds that Petitioner has been able to intelligently articulate his arguments, and, in doing so, has corresponded with the Court in a orderly fashion. Moreover, Petitioner has not demonstrated (a) the complexity of the legal issues at hand, or (b) the need for expert testimony or an evidentiary

---

[1] In particular, section 3006A(2) provides: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . .(B) is seeking relief under section 2241, 2254, or 2255 of title 28."

[2] See also Loc. Civ. R. 54.3, Comment 4.

hearing – at this juncture.

      Accordingly, based on the foregoing reasons, Petitioner's application for appointment of pro bono counsel is denied without prejudice to Petitioner's reassertion of same should circumstances change. An appropriate Order accompanies this Letter Opinion.

                                          Sincerely,

                                          /s/ Jose L. Linares
                                          Jose L. Linares
                                          United States District Judge