**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                          :
PEDRO HERNANDEZ,                          :
                                          :
              Petitioner,                 :          Civil Action No. 07-752 (JLL)
      v.                                  :
                                          :
UNITED STATES OF AMERICA,                 :          **OPINION**
                                          :
              Respondent.                 :
_____           :

**LINARES**, District Judge.

　　Currently before the Court is Petitioner Pedro Hernandez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Respondent, the United States (hereinafter referred to as the "Government"), submitted an Answer in response to the motion.  The Court has considered the parties' submissions.  For the reasons set forth below, the Court denies Petitioner's motion.

## BACKGROUND

**A.    Criminal Information and Guilty Plea**

　　Petitioner was arrested on November, 23, 2004 in Fort Lee, New Jersey after delivering two plastic bags containing a total of approximately 597 grams of heroin to an undercover law enforcement agent.  The Government issued a one-count criminal information which charged Petitioner with Possession with Intent to Distribute 100 Grams or More of Heroin in violation of 21 U.S.C. § 841 (a)(1), (b)(1)(B).

1

On or about August 10, 2005, Petitioner signed a plea agreement in which he agreed to plead guilty to the one-count information.  In this plea agreement, Petitioner and the Government stipulated that Petitioner's offense level was 25.  Both parties agreed that there was no basis for any upward or downward departure and that neither party would seek any departure or adjustment that was not set forth therein.  See Plea Agreement at 7.  Petitioner also explicitly waived his right to challenge his sentence through any appeal, any collateral attack, or any other writ or motion, including an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, should the Court determine that his applicable offense level under the Sentencing Guidelines was at or below level 25.  See id.

On September 21, 2005, the Court presided over a plea hearing conducted pursuant to Fed. R. Crim. P. 11, during which Petitioner was advised of the rights he was waiving by deciding to plead guilty to the offenses and of the punishment he was exposed to by virtue of his plea.  Petitioner orally waived his right to challenge his sentence through any appeal or a motion should the Court determine that his applicable offense level under the Sentencing Guidelines was at or below  25.  See Tr. (Sept. 21, 2005) at 19:15 - 20:10.[1]  The Court also advised Petitioner

---

[1] Petitioner indicated an understanding of the waiver at the hearing:

Court:   Now, normally, you and/or the Government have a right to appeal a sentence that I may issue in this case if you believe there has been some kind of a legal error.  In your case under one of the stipulations in Schedule A, specifically paragraph 7, you have indicated that you are knowingly and voluntarily waiving the right to file any appeal of my sentence, if the guideline offense level that I say applies to your case at sentence is 25 or lower.

So if I say that the sentencing guidelines level is 25 or less, you have waived your right to appeal my sentence.

Also, if I accept any of the stipulations that you and the Government have made,

2

that he was subject to a statutory minimum of 5 years imprisonment and a maximum sentence of 40 years.  See id. at 15:1 - 15:9; Plea Agreement at p. 2.

**B.      Sentencing**

The Court presided over Petitioner's sentencing hearing on March 17, 2006.  Petitioner's counsel, Peter Carter, attempted to persuade the Court to sentence Petitioner to the low end of the range for an offense level of 25 and a criminal history category of III.[2]  Mr. Carter attempted to do so by making the Court aware of Petitioner's large and supportive family, good work history, physical injuries suffered in prison, and the possibility of deportation upon completion of his sentence.  See Tr. (Mar. 17, 2006) at 5:5 - 19:22.  The Government did not object to a sentence in the 70 month range.  See id. at 10:1 - 10:4.

The Court considered Mr. Carter's arguments and ultimately sentenced Petitioner to 70 months imprisonment at the low end of the applicable guideline range.  See id. at 12:4 - 12:18.

**C.      Petitioner's Section 2255 Claims**

Petitioner now asks the Court to vacate, set aside or correct his sentence pursuant to

---

you also will have waived your right to appeal my sentence based on the fact that I accepted that stipulation or based on that stipulation.

So, in other words, if any of the conditions set forth in paragraph 7 of the letter come to pass, you will have waived the right to appeal in this case.  Do you understand that?

Petitioner:      Yes.

Tr. (Sept. 21, 2005) at 19:15 - 20:10.

[2] Pursuant to the Sentencing Guidelines effective November 1, 2004, the range of imprisonment at an offense level of 25 for an individual in the criminal history category of III is 70-87 months.   See U.S. Sentencing Guidelines Manual, Sentencing Table (2004).

3

section 2255.[3]  He asserts that his Sixth Amendment right to counsel was violated because his

attorney, Mr. Carter, was ineffective in representing him.  In particular, Petitioner claims that Mr.

Carter was ineffective for (1) failing to investigate and research case law, prepare any of the

defenses that were available, file any pre-trial motions, or present any evidence on his behalf; (2)

failing to file an appeal after sentencing even though he was asked to file one by Petitioner; (3)

allowing Petitioner to forfeit his appellate and collateral post trial rights; (4) allowing the Court

to enhance Petitioner's sentence based on the Court's review of a pre-sentence report; (5)

allowing Petitioner's sentence to be enhanced without waiving his jury-trial right; and (6) failing

to ask the Court for a downward adjustment due to the "inhumane" conditions endured by

Petitioner while detained at the Passaic County Jail.  Furthermore, Petitioner claims that the

Court's oral statement after Petitioner's sentencing may have voided Petitioner's written waiver

of his appeal rights.  Thus, Petitioner requests an evidentiary hearing to clarify the Court's oral

statement and also to resolve the alleged disputed issues of fact pertaining to Petitioner's

representation.[4]

---

[3]  Petitioner filed the instant motion on February 8, 2007.  On the eve of this Court's
decision, Petitioner submitted a letter requesting leave to file an amended motion pursuant to
2255 to include "new law" which Petitioner believed could affect his entitlement to relief.  See
CM/ECF Docket Entry No. 17.  As a result, this Court entered an Order on March 17, 2008
deeming Petitioner's original 2255 motion withdrawn and affording Petitioner sixty (60) days in
which to file an amended 2255 motion.  See CM/ECF Docket Entry No. 18.  In compliance with
this Court's March 17, 2008 Order, Petitioner submitted an amended 2255 motion.  See CM/ECF
Docket Entry No. 20.  Therein, Petitioner indicated that he wished to incorporate any claims
raised in his original 2255 motion into his amended motion.  Accordingly, the Court will
consider all claims raised by Petitioner in his original 2255 motion, as well as those included in
his amended 2255 motion.

[4]  Based on the reasons set forth herein, the Court denies Petitioner's request for an
evidentiary hearing, finding, instead, that the record in this case conclusively shows that
Petitioner is not entitled to relief under section 2255.  See, e.g., Forte, 865 F.2d at 62.

4

## LEGAL STANDARD

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Thus, Petitioner is entitled to relief only if he can demonstrate that he is in custody in violation of federal law or the Constitution.

In considering the instant 2255 motion, this Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Garvin, No. 06-1815, 2008 WL 803924, at *1 (3d Cir. March 27, 2008) (citing United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005)).[5]  Moreover, this Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." Government of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  With this framework in mind, the Court turns now to Petitioner's arguments.

## LEGAL DISCUSSION

Petitioner presents numerous arguments in support of his request that this Court vacate,

---

[5] Given Petitioner's pro se status, the Court will also construe the instant motion liberally. See generally Haines v. Kerner, 404 U.S. 519, 520 (1972).

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.   The Court will consider each of

Petitioner's arguments,[6] in turn, but  must first consider whether Petitioner may bring the instant

section 2255 motion at all, considering he waived his right to do so in his written plea agreement

with the government and orally at his plea hearing.

**A.**      **Implication of the Waiver**

A review of the record in this matter reveals that Petitioner has expressly waived his right

to bring the instant 2255 motion in both his plea agreement and at his plea hearing.  See Plea

Agreement at 7; Tr. (Sept. 21, 2005) at 19:15 - 20:10.  The relevant provision of Petitioner's plea

agreement states:

> Hernandez knows that he has, and voluntarily waives, the right to
> file any appeal, any collateral attack, or any other writ or motion,
> including but not limited to an appeal under 18 U.S.C. § 3742 or a
> motion under 28 U.S.C. §2255, which challenges the sentence
> imposed by the sentencing court if that sentence falls within the
> Guidelines range that results from the agreed total Guidelines
> offense level of 25.

Plea Agreement at 7 (emphasis added).   Petitioner does not dispute the fact that he received a

sentence that met the agreed total Guidelines offense level of 25.  By challenging his sentence in

a section 2255 motion,[7] Petitioner implicates the waiver.  Since the waiver is implicated, the

Court must next consider whether the waiver is enforceable.

**B.**      **Validity of the Waiver**

In United States v. Khattak, the Third Circuit held that waivers of a right to appeal are

_____

[6] See infra note 16.

[7] See Original 2255 Motion, CM/ECF Docket Entry No. 1, p. 19 ("Wherefore, defendant
moves this court for a reversal and grant of release from his sentence . . .").

6

valid if entered into knowingly and voluntarily unless enforcing such a waiver would result in a miscarriage of justice.  273 F.3d 557, 558 (3d Cir. 2001); <u>see</u> <u>also</u> <u>United States v. Perry</u>, 142 Fed. App'x 610, 611 (3d Cir. Aug. 8, 2005) (indicating that a waiver of the right to collaterally attack a sentence is likewise valid if it meets the Khattak test, i.e., that the waiver was entered into knowingly and voluntarily and that the enforcement of the waiver does not result in a miscarriage of justice).  Thus, this Court will enforce Petitioner's waiver, so long as the Court finds that it was entered into knowingly and voluntarily and that its enforcement does not otherwise work a miscarriage of justice.  <u>See</u> <u>generally</u> <u>United States v. Mabry</u>, No. 06-2867, 2008 WL 2875346, at *4 (3d Cir. July 28, 2008) (reaffirming that "a district court has an independent obligation to conduct an evaluation of the validity of a collateral waiver.").

### (i)   The Knowing and Voluntary Nature of the Waiver

It is clear that Petitioner Hernandez entered into this waiver knowingly and voluntarily. Petitioner does not dispute this, and the record supports this finding.  Petitioner not only signed the plea agreement in which the waiver was contained, but he also, upon the Court's questioning at the plea colloquy held on September 21, 2005, informed the Court that he understood his rights and was agreeing to voluntarily waive certain rights, including his right to challenge his sentence through a direct appeal or through a motion brought pursuant to 28 U.S.C. § 2255, should the Court sentence him within the guideline range for an offense level at or below 25.[8] <u>See, e.g.</u>, <u>Khattak</u>, 273 F.3d at 563 (holding that a waiver of the right to appeal is knowing and voluntary where the sentencing judge inquired as to whether the defendant understood his rights and defendant received a sentence within the terms of his plea agreement); <u>Dancy</u>, 2006 WL

___

[8] <u>See</u> <u>supra</u> note 1.

7

2504028, at *3 (holding that waiver of right to file a section 2255 motion is enforceable where petitioner indicated that he understood the waiver at his plea colloquy).  In light of the foregoing, it is the opinion of this Court that Petitioner entered into his waiver knowingly and voluntarily inasmuch as the transcript from the plea colloquy demonstrates that Petitioner understood the terms of the plea agreement,  was sufficiently aware of the consequences of the waiver contained therein, and entered into same willingly.  There is no evidence before this Court suggesting otherwise.  Accordingly, the Court concludes that Petitioner's waiver was knowing and voluntary.  Thus, the Court will enforce Petitioner's waiver unless doing so would result in a miscarriage of justice.

### (ii)   Miscarriage of Justice

In determining when the enforcement of a waiver of the right to appeal would result in a miscarriage of justice, the Third Circuit noted that its sister circuits have earmarked particular situations in which an otherwise valid waiver will be excused.  See Khattak, 273 F.3d at 562-63 (discussing cases from the Second, Fourth, and Seventh Circuits).  However, the Third Circuit declined to adopt a "blanket rule prohibiting all review of certain otherwise valid waivers of appeal" and further refused to "earmark specific situations" which would warrant invalidating such a waiver.  Id. at 562-63.

Instead, the Third Circuit emphasized that the governing standard is whether "the error would work a miscarriage of justice."  Id. at 563.  The court endorsed the factors set forth by the First Circuit in United States v. Teeter, 257 F.3d 14 (1st Cir. 2001), to use as a guideline in such an analysis.  These factors include: "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of

8

the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.'" Khattak, 273 F.3d at 563 (citing United States v. Teeter, 257 F.3d 14, 26 (1st Cir. 2001)).   The Third Circuit has also cautioned that "enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [petitioner] from understanding his plea or from filing a direct appeal as permitted by his plea agreement would result in a miscarriage of justice." United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007). Accordingly, the Court will consider any colorable claims of error raised by Petitioner which could, arguably, result in a miscarriage of justice should the Court enforce Petitioner's collateral attack waiver.  Having considered each of Petitioner's claims, the Court finds only two claims to be potentially viable for such purposes.

### Court's Oral Pronouncement

Petitioner argues that the Court's post-sentencing remarks regarding his right to appeal his sentence pursuant to 18 U.S.C. § 3742 somehow voided the portion of his plea agreement wherein he specifically waived that right.  Petitioner's argument in this regard stems from a routine post-sentencing statement made by the Court at the conclusion of Petitioner's sentencing. In particular, the Court explained, "Mr. Carter, you may wish to inform your client of his right to appeal pursuant to . . . 18 U.S.C. § 3742,"[9] despite the fact that (a) Petitioner had specifically waived that right pursuant to the terms of the plea agreement, and (b) the Court had previously reminded Petitioner of such during his plea colloquy.[10]  Petitioner does not dispute that pursuant to the terms of his plea agreement, he, in fact, waived his right to file an appeal pursuant to 18

---

[9] See Tr. (March 17, 2006) at 14:17-20.

[10] See Tr. (Sept. 21, 2005) at 19:15-20:10.

U.S.C. § 3742(a).  Nevertheless, the Court must determine whether, in light of such

circumstances, enforcement of Petitioner's waiver would result in a miscarriage of justice.

      Although the Third Circuit has not ruled on the implications of a court's post-sentencing

remarks which contradict the terms of an otherwise valid plea agreement,[11] the majority of those

circuits which have addressed this issue have declined to permit a court's post-sentencing remark

concerning the right to appeal to negate the waiver of appeals provision contained in a valid plea

agreement.  See, e.g., Teeter, 257 F.3d at 25 ("While broad assurances to a defendant who has

waived her appellate rights (e.g., "you have a right to appeal your sentence") are to be avoided . .

. they do not effect a per se nullification of a plea-agreement waiver of appellate rights."); United

States v. Fleming, 239 F. 3d 761, 764-65 (6th Cir. 2001) ("Even if the district court did recite the

language of the Rule 32 notification of the right to appeal intending to modify the plea agreement

to resurrect Fleming's right to appeal, the court lacked the power to make such a modification.");

United States v. Fisher, 232 F.3d 301, 304-5 (2d Cir. 2000) ("We join the Fifth, Seventh, Eighth,

and Tenth Circuits in holding that an otherwise enforceable waiver of appellate rights is not

rendered ineffective by a district judge's post-sentencing advice suggesting, or even stating, that

the defendant may appeal."); United States v. Atterberry, 144 F.3d 1299, 1301 (10th Cir. 1998)

("We are more persuaded by the circuits that have held statements made by a judge during

sentencing concerning the right to appeal do not act to negate written waivers of that right,

because statements like those made by the court during . . . sentencing do not affect a defendant's

prior decision to plead guilty and waive appellate rights."); United States v. Michelsen, 141 F.3d

867, 872 (8th Cir. 1998) ("Any statement by the court at the sentencing hearing could not have

_____

    [11] See Khattak, 273 F.3d at 563 n. 7.

affected Michelsen's decision, made nearly three months earlier, to plead guilty and waive his appellate rights."); United States v. Ogden, 102 F.3d 887, 888-89 (7th Cir. 1996) (rejecting the argument that the court's post-sentencing boilerplate remarks "overrode" waiver of appeals provision and restored his ability to appeal).[12]

In routinely reminding Petitioner's counsel that he may wish to advise his client as to his right to appeal pursuant to 18 U.S.C. § 3742, this Court was merely fulfilling its obligation pursuant to Federal Rule of Criminal Procedure 32(j)(1)(B), by reminding counsel to keep his client informed of any appellate rights to which he may be entitled. Although the Court agrees that perhaps such overly broad statements "muddy the waters and tend to instill false hope,"[13] this Court did not intend to – nor does it have the authority to[14] – single-handedly amend the terms of an otherwise valid Plea Agreement entered into between the Petitioner and the Government. Absent a contrary directive from the Third Circuit, this Court will follow the approach taken by the majority of the Courts of Appeals, and thus declines to deem Petitioner's waiver unenforceable on such a basis.[15] Thus, to the extent that Petitioner argues that enforcement of his

---

[12] But see United States v. Buchanan, 59 F.3d 914, 918 (9th Cir. 1995) ("Given the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object, we hold that in these circumstances, the district court's oral pronouncement controls and the plea agreement waiver is not enforceable.").

[13] Teeter, 257 F.3d at 25.

[14] See generally Fed. R. Crim. P. 11(c)(1) (noting that "[a]n attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions.").

[15] To the extent that Petitioner argues that an evidentiary hearing is required to clarify this Court's oral pronouncement in this regard, Petitioner's request is, therefore, denied as unnecessary.

waiver would result in a miscarriage of justice given the Court's oral pronouncement, Petitioner's argument is rejected.

<u>Counsel's Failure to File an Appeal</u>

Petitioner also presents the related argument that his counsel's failure to file a direct appeal in this case constitutes ineffective assistance of counsel, and that enforcing his collateral attack waiver would, therefore, result in a miscarriage of justice.[16]  However, Petitioner's plea agreement did <u>not</u> permit an appeal challenging his sentence <u>if</u> that sentence fell "within the Guidelines range that results from agreed total Guidelines offense level of 25."   Petitioner does not dispute the fact that he did, in fact, receive a sentence at the low end of the range for an offense level of 25, thereby triggering his waiver of his right to appeal the sentence.  The Third Circuit has recently confirmed that "there is no reason to presume prejudice amounting to a miscarriage of justice in such a situation where the attorney's filing of an appeal would constitute a violation of the plea agreement . . ." <u>Mabry</u>, 2008 WL 2875346, at *7.   Thus, to the extent that Petitioner argues that a presumption of prejudice applies given his counsel's failure to file an appeal, and that such prejudice amounts to a miscarriage of justice, Petitioner's argument is meritless given that the terms of his plea agreement simply did not permit such an appeal. <u>See</u> <u>id.</u>

Accordingly, the Court concludes that Petitioner knowingly and willingly accepted the terms and conditions of his waiver of appeal and collateral attack.  Petitioner has given the Court no basis on which to find that enforcement of such would result in a miscarriage of justice, or that his arguments otherwise fall within the narrow exceptions provided by law or the terms of

---

[16] Although Petitioner has not worded his argument as such, given his <u>pro</u> <u>se</u> status, the Court construes Petitioner's arguments liberally. <u>See, e.g.</u>, <u>Haines</u>, 404 U.S. at 520.

his plea agreement.[17]

## CONCLUSION

Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is, therefore, DENIED inasmuch as he waived his right to bring such a motion pursuant to the terms of his plea agreement. The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). An appropriate Order accompanies this Opinion.

Date:   August 12, 2008                          /s/ Jose L. Linares
_____          Jose L. Linares
                                                United States District Judge

---

[17] As a result, the Court need not consider Petitioner's remaining claims that his counsel was ineffective in failing to (a) investigate and research case law, (b) prepare any of the defenses that were available, (c) file any pre-trial motions, (d) present any evidence on his behalf, (e) allow Petitioner to forfeit his appellate and collateral post trial rights, (f) ask for a downward departure based on the conditions at the Passaic County Jail, or (g) in failing to object to the Court's enhancement of Petitioner's sentence based on the Court's review of a pre-sentence report. Such claims of ineffectiveness – even if true – had no bearing on Petitioner's decision to enter into a plea agreement wherein he waived his right to collaterally attack his sentence. Having found such a waiver to be valid, the Court need not consider any claims of ineffectiveness alleged by Petitioner which have no bearing on his understanding of the terms of the plea agreement, or the waiver itself, given that he waived his right to assert such claims in a 2255 motion. See, e.g., Shedrick, 493 F.3d at 298 (noting that "enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [petitioner] from understanding his plea . . . would result in a miscarriage of justice.") (emphasis added); Teeter, 257 F.3d at 25 n. 9 (noting that a miscarriage of justice would result if the "plea proceedings were tainted by ineffective assistance of counsel.") (emphasis added); United States v. Robinson, No. Civ. 04-884, Crim. 02-760, 2004 WL 1169112, at *4 (E.D. Pa. April 30, 2004) (refusing to excuse defendant's waiver of his right to bring section 2255 motion where defendant's claims of ineffective assistance of counsel were based on counsel's performance at sentencing as opposed to ineffectiveness in entering into plea agreement), appeal dismissed, 244 Fed. App'x 501 (3d Cir. 2007). To the extent that the Court should construe any such claim as directed towards counsel's actions in the plea proceeding or with respect to the creation of the waiver itself, the Court finds any such claims frivolous and unsubstantiated on the basis of the existing record. See, e.g., Garvin, 2008 WL 803924, at *2.